370



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Clifford B. Jones, President
Texas Technological College
Lubbock, Texas

Dear Sir:

Opinion No. O-1286
Re: Traveling expenses---state
business.

We have for acknowledgment your letter of July
25, 1940, which we quote:

"We shall be grateful if at your conve-
nience you will kindly advise whether in your
opinion the following application for leave of
absence on the part of one of our faculty mem-
bers is deemed by you in keeping with the pro-
visions of Senate Bill No. 427, Regular Session,
Forty-Sixth Legislature:

"Involving one-half of the estimated ex-
penses of $132.05 by Miss Vivian Johnson, Head
of our Department of Home Economics Education,
to attend August 19th - 21st, an Institute at
Chicago for Research Workers in Home Economics
Education. The Dean of our Home Economics
Division advises that while the request comes
to us as an invitation, it really means that
Miss Johnson is expected to attend, in order
that a program may be developed in Home Econo-
mics research in the various colleges.

"We are further advised that one-half of
the travel to and from Chicago and one-half of
the living expenses while there will be pro-
tected by the Federal teacher training funds."

Although your letter refers to Senate Bill 427,
Acts of the 46th Legislature, we assume that, since your
appropriation is found in House Bill 255, passed by the
same Legislature, you meant to refer to the latter Act.
Upon this assumption, we further interpret your letter as
calling for a determination of the question---whether the
trip proposed is for state business, within the meaning of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Clifford B. Jones, President, page 2

Subsection 6 of the general rider appended to House Bill 255, which subsection reads as follows:

"Traveling Expenses. All persons employed in any capacity by these State educational institutions and agencies who travel at the expense of the State, are hereby limited to the same amounts authorized for employees of the State Departments and the Comptroller and local disbursing officer shall require the same method of claim presentation and forms. No traveling expenses shall be incurred by any employee of any of the schools, or other agencies named herein, outside of the bounda ies of the State of Texas, except for State business, and upon the advance written consent of the school's Board of Regents or Directors. The provisions of this Act with reference to traveling expenses shall not apply to the heads of the institutions named in this Act nor the members of boards who do not receive an annual or monthly salary. The term 'maintenance' may include traveling expenses. The expenses of Regents, Presidents, and Auditors of these State educational institutions and agencies should be approved by the Comptroller of the State, President of the governing board, President of the College or Institution and College Auditor before payment from either State or Local funds."

The subsection further contains provisions not material in connection with the immediate inquiry.

It is to be observed that no employee of the school may travel outside of the boundaries of the State of Texas, except upon the following conditions:

1. The trip must be for the accomplishment of state business. This, of course, has reference to that state business which is committed to the particular institution by which the person is employed. It does not contemplate that an employee of an educational institution may make a trip outside of the State of Texas upon business which does not concern the duties and powers of his institution, but which does concern state business committed to another and distinct agency of the state.

2. Prior to the making of a trip outside of the boundaries of the state, for state business committed to the insti-

tution, the advance written consent of the Board of Regents or Directors of the school must be obtained. This, of course, contemplates that the Board of Regents or Directors shall, in the first instance, determine whether the purpose of the trip is the accomplishment of state business committed to the institution which they govern, and whether it is necessary that the trip be made for the accomplishment of such business.

We regret to advise that your letter does not give us sufficient information as to the nature of the organization which will meet at Chicago and the business to be transacted there by Miss Johnson, to enable us to pass upon the question whether or not the trip has for its purpose the transaction of state business committed to your institution. It would seem that the trip involves the development of a program in Home Economics Research. We do not, however, understand the statement that "it really means that Miss Johnson is expected to attend". The question of the attendance of Miss Johnson upon the Institute is not one to be determined by the Institute, but as indicated above, by the proper authorities of the college. Likewise, the question as to whether a program of Home Economics Research should be developed in your college is one for the determination of the authorities of your college, rather than for the determination of the Institute at Chicago. Since you do not state that your institution desires to send Miss Johnson to Chicago in the furtherance of a program in Home Economics Research adopted or under consideration for adoption by your college authorities, any expression that we might give upon the question whether state business concerning your institution is involved in this trip would be predicated upon mere surmise. If you desire to submit to us a more detailed statement of the facts involved, we shall be glad to give you an opinion thereon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 2, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

BY Richard W. Fairchild
Assistant

RWF:jm


APPROVE
OPINION
COMMITTE
BY